In re Nancy Shao SU; In re Louis C. Su, a/k/a Chienlu Su, Debtors.

**Dora Carrillo, Appellant,**

v.

**Louis C. SU, Appellee.**

No. 01–55656.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2002.*

Filed May 20, 2002.

* The panel unanimously finds this case appropriate for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2)(C).

Jerome Marks, San Francisco, CA, for the appellant.

Stanley A. Zlotoff, San Jose, CA, for the appellee.

Norma L. Hammes, Gold & Hammes, San Jose, CA, and John Rao, National Consumer Law Center, Boston, MA, for amicus curiae National Association of Consumer Bankruptcy Attorneys, urging affirmance.

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge.

Dora Carrillo ("Carrillo") filed an adversary complaint in Louis Su's ("Su") Chap-ter 7 bankruptcy case to determine the dischargeability of debt owed to her by Su. The bankruptcy court held that Su's debt to Carrillo was nondischargeable. The Bankruptcy Appellate Panel ("BAP") reversed, holding that the bankruptcy court erred by applying the incorrect legal standard. Carrillo appeals, arguing that the bankruptcy court correctly applied the law and that Su's debt is nondischargeable. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm the BAP.

## I. FACTUAL BACKGROUND

On August 21, 1997, shortly before 8 a.m., Carrillo was lawfully crossing a major downtown San Francisco intersection while walking to work. Su, who was driving a 14–passenger van, sped into the intersection against a red light, traveling 37 miles per hour in a 25–mile–per–hour zone, nearly five seconds after the light had turned red. He crashed into a car that was lawfully in the intersection and then careened into Carrillo, severely injuring her.

Carrillo subsequently sued Su in state court for compensatory and punitive damages, alleging that "[h]is conduct ... was wanton, willful and malicious, and such acts were intentionally done with reckless disregard of the consequences, necessarily producing permanent injury and harm to plaintiff, without just cause or excuse." The jury found that Su was negligent, that his negligence resulted in Carrillo's injuries, and that he was guilty of malice by clear and convincing evidence. "Malice" was defined by the state court either as conduct intended to cause injury to the plaintiff or as despicable conduct carried on with a willful and conscious disregard for the safety and rights of others. The jury awarded Carrillo $130,000 in economic damages and $400,000 in non-economic

damages; no punitive damages were awarded.

After this judgment was entered against him, Su filed a Chapter 7 bankruptcy petition. In her adversary proceeding, Carrillo alleged that her judgment against Su was not dischargeable because 11 U.S.C. § 523(a)(6) ("§ 523(a)(6)") excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Relying on *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir.1998), which held that injuries are considered willful and malicious under § 523(a)(6) when the debtor possesses "either an objective substantial certainty of harm or a subjective motive to cause harm," the bankruptcy court held that Su's debt to Carrillo was nondischargeable because there was "by [an] objective standard, a substantial certainty" of harm when Su drove his van through a red light at an intersection known to be heavily congested with traffic.

After the bankruptcy court's decision, and while the case was pending before the BAP, this court decided *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202 (9th Cir.), *cert. denied*, 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001). *In re Jercich* held that § 523(a)(6)'s willful injury requirement is met "when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Id.* at 1208.

Based largely on *In re Jercich*, the BAP reversed the bankruptcy court. *See Su v. Carrillo (In re Su)*, 259 B.R. 909, 914 (9th Cir. B.A.P. 2001). According to the BAP, the bankruptcy court's use of an objective substantial certainty standard was inconsistent with the subjective substantial certainty standard articulated in *In re Jercich. Id.*

## II. STANDARD OF REVIEW

 We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *Am. Law Ctr. v. Stanley (In re Jastrem)*, 253 F.3d 438, 441 (9th Cir.2001); *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 782 (9th Cir.1999). Whether a claim is nondischargeable presents mixed issues of law and fact and is reviewed de novo. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791–92 (9th Cir.1997) (en banc). The bankruptcy court's interpretation of the Bankruptcy Code is reviewed de novo. *State Bar v. Taggart (In re Taggart)*, 249 F.3d 987, 990 (9th Cir.2001). Decisions of the BAP are reviewed de novo. *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1001 (9th Cir.2000). We independently review a bankruptcy court's ruling on appeal from the BAP. *In re Taggart*, 249 F.3d at 990; *In re Cool Fuel*, 210 F.3d at 1001–02.

## III. DISCUSSION

Section 523(a)(6) of the Bankruptcy Code provides: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), ·or 1328(b) of this title does not discharge an individual debtor from any debt—.... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." The question presented on appeal is whether a finding of "willful and malicious injury" must be based on the debtor's subjective knowledge or intent or whether such a finding can be predicated upon an objective evaluation of the debtor's conduct. We hold that § 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct.

## A. Willfulness

In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court established that § 523(a)(6) does not apply to those debts arising from unintentionally inflicted injuries:

The word "willful" in (a)(6) modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." .... [T]he (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences* of an act", not simply "the act itself."

523 U.S. at 61–62, 118 S.Ct. 974 (citation omitted). Thus, *Geiger* held that debts arising out of a medical malpractice judgment were dischargeable, even though the plaintiff alleged that Dr. Geiger had intentionally rendered inadequate medical care, and that this necessarily led to her injury. *Geiger* concluded that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64, 118 S.Ct. 974.

Both parties agree that a "deliberate or intentional injury" is required for § 523(a)(6) to render a debt nondischargeable. The question we must decide is the state of mind that is required to satisfy § 523(a)(6)'s willful injury requirement.

According to the Restatement, an action is intentional if an actor subjectively "desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it." RESTATEMENT (SECOND) OF TORTS § 8A (1964). The *Geiger* Court, however, did not expressly adopt this subjective Restatement formulation,[1] and the lower courts have differed over whether to adopt a strict subjective test when applying § 523(a)(6).

The Sixth Circuit's interpretation of § 523(a)(6) exemplifies the strict subjective approach, in which a debt is nondischargeable under § 523(a)(6) only if the debtor intended to cause harm or knew that harm was a substantially certain consequence of his or her behavior. In *Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455 (6th Cir.1999), the debt arose from a legal malpractice action against the debtor. The creditor argued that the debt was nondischargeable under § 523(a)(6)'s "willful and malicious injury" provision. While *In re Markowitz* acknowledged that *Geiger* had not expressly adopted the Restatement's subjective "substantially certain" language, it nonetheless concluded that "from the Court's language and analysis in *Geiger,* we now hold that unless 'the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it,' he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Id.* at 464 (quoting RESTATEMENT (SECOND) OF TORTS § 8A (1964)).

Conversely, the Fifth Circuit's interpretation of § 523(a)(6) exemplifies the objec-

---

1. While the *Geiger* Court did not focus on this section of the Restatement (dealing with situations in which an actor is "substantially certain" that harm will result from his acts), the Eighth Circuit opinion that the Court affirmed addressed this Restatement provision in some detail, equating § 523(a)(6) with intentional torts and defining such torts as actions where an actor subjectively desires to cause an injury or believes that an injury is substantially certain to result from his or her acts. *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848, 852 (8th Cir.1997) (en banc), *aff'd,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

tive approach, in which debt is nondischargeable under § 523(a)(6) either if there is a subjective intent to cause an injury or if there is an objective substantial certainty of harm. In *In re Miller*, the creditor sought a determination that a state court judgment for misuse of trade secrets constituted a nondischargeable debt. While acknowledging that *Geiger* "certainly eliminates the possibility that 'willful' encompasses negligence or recklessness," *In re Miller* held that "the label 'intentional tort' is too elusive to sort intentional acts that lead to injury from acts intended to cause injury. Rather, either objective substantial certainty or subjective motive meets the Supreme Court's definition of 'willful ... injury' in § 523(a)(6)." 156 F.3d at 603.

While this difference between the objective approach taken by the Fifth Circuit and the subjective approach taken by the Sixth Circuit is evident from *In re Miller* and *In re Markowitz*, this difference has been overlooked by courts in the Ninth Circuit when evaluating § 523(a)(6) claims. For example, in *Baldwin v. Kilpatrick (In re Baldwin)*, 245 B.R. 131 (9th Cir. B.A.P. 2000), *aff'd*, 249 F.3d 912 (9th Cir.2001), a creditor who had obtained a state court judgment against the debtor for assault and battery brought an adversary proceeding to except that judgment debt from discharge under § 523(a)(6). Because the debtor "was an active participant in the violent striking" of the creditor, the BAP easily found that the assault and battery judgment stemmed from a "willful and malicious injury" to creditor's person and, therefore, was nondischargeable. *Id.* at

137. In so holding, however, the BAP declared: "The Fifth Circuit [in *In re Miller*] held that ... 'either objective substantial certainty or subjective motive meets the Supreme Court's definition of 'willful ... injury' in § 523(a)(6).' The Sixth Circuit [in *In re Markowitz*] has also adopted this approach. We similarly adopt this standard." *Id.* at 136 (citations omitted).[2]

This court too committed a similar oversight when it examined, for the first time, the question of intent in the context of § 523(a)(6)'s willful injury requirement. In *In re Jercich*, a creditor who had obtained a state court judgment for unpaid wages against his former employer, a Chapter 7 debtor, sought to except that judgment debt from discharge pursuant to § 523(a)(6). Focusing on the subjective intent of the employer, this court held "that under *Geiger*, the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." 238 F.3d at 1208. Given that the employer in *In re Jercich* knew both that he owed wages to his employee and that his failure to pay those wages would, with substantial certainty, harm his employee, this court concluded that the debt owed the employee was nondischargeable under § 523(a)(6). *Id.* at 1208–09.

The holding in *In re Jercich* is clear: § 523(a)(6) renders debt nondischargeable when there is either a subjective intent to harm, or a subjective belief that harm is substantially certain. Unfor-

---

**2.** In this case, the BAP correctly observed that *In re Baldwin* endorsed the *In re Miller* test without recognizing the distinction between the Fifth and Sixth Circuits' objective and subjective approaches. *See In re Su*, 259 B.R. at 913 ("The key difference between the *Miller* and *Markowitz* holdings is that *Markowitz* followed the Restatement's requirement that

the debtor *believe* that his actions will with substantial certainty cause injury, while in *Miller* the subjective belief of the debtor as to the certainty of the harm was not controlling. A number of courts have failed to recognize this distinction. In *In re Baldwin*, we also ignored this important distinction.") (citations omitted).

tunately, however, the opinion also states that the subjective inquiry it endorsed is "consistent with the approaches taken by the Fifth and Sixth Circuits," in *In re Miller* and *In re Markowitz. Id.* We believe that this claim of consistency is not completely accurate.[3] Nonetheless, Carrillo seizes on this misstatement to rationalize the bankruptcy court's heavy reliance on *In re Miller.* Carrillo's argument fails, however, because the holding of *In re Jercich,* which sets out the scope of § 523(a)(6)'s willful injury requirement, expressly articulates only a subjective dimension. Because the bankruptcy court focused exclusively on the objective substantial certainty of harm stemming from Su's driving, but did not consider Su's subjective intent to cause harm or knowledge that harm was substantially certain, we agree with the BAP that the bankruptcy

court applied the incorrect legal standard. Thus, this proceeding must be remanded to the bankruptcy court for consideration of Carrillo's nondischargeability claim under the subjective framework articulated in *In re Jercich.*

■■■■ We believe, further, that failure to adhere strictly to the limitation expressly laid down by *In re Jercich* will expand the scope of nondischargeable debt under § 523(a)(6) far beyond what Congress intended. By its very terms, the objective standard disregards the particular debtor's state of mind and considers whether an objective, reasonable person would have known that the actions in question were substantially certain to injure the creditor. In its application, this standard looks very much like the "reckless disregard" standard used in negligence.[4] That the Bank-

---

**3.** *In re Jercich's* claim of consistency, however, is not completely inaccurate either. *In re Jercich* merely observed that its holding—that an individual who intends to harm someone, or who believes that harm is substantially certain, cannot discharge via bankruptcy any liability stemming from those actions—was consistent with *In re Miller* and *In re Markowitz.* While that observation is somewhat misleading, it is not technically incorrect. The objective test is broader than the subjective one, allowing nondischargeability either with subjective intent/knowledge *or* with objective substantial certainty. Thus, *In re Jercich's* holding that "the willful requirement of § 523(a)(6) is met" when there is subjective intent to cause harm, or knowledge that harm is substantially certain, technically *is* consistent with *In re Miller.* What *In re Jercich* fails to crystalize, however, is that this court expressly avoided articulating an objective dimension to its holding and, by implication, limited the scope of § 523(a)(6) nondischargeability to those situations in which the debtor possesses subjective intent to cause harm or knowledge that harm is substantially certain to result from his actions.

**4.** According to the Restatement, recklessness is defined as follows:

> Recklessness may consist of either of two different types of conduct. In one the actor

knows, or has reason to know ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk. In the other the actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so. An objective standard is applied to him, and he is held to the realization of the aggravated risk which a reasonable man in his place would have, although he does not himself have it.

RESTATEMENT (SECOND) OF TORTS § 500 cmt. a (1977); *see also* 2 Cal. Jury Instructions Civil, BAJI 12.77 (8th ed.1994) (similarly defining conduct in reckless disregard under California law). Of course, this recklessness standard is analytically distinct from *In re Miller's* objective approach, in that the objective, reasonable debtor under *In re Miller* must be *substantially certain* that harm will result; simply "appreciat[ing] the high degree of risk involved" is not enough. Nevertheless, *in its application,* the objective *In re Miller* approach far too closely resembles recklessness. For example, Carrillo argues in great detail that Su's decision to run the red light was, objectively speaking, substantially certain to injure Carrillo. This characteriza-

ruptcy Code's legislative history makes it clear that Congress did not intend § 523(a)(6)'s willful injury requirement to be applied so as to render nondischargeable any debt incurred by reckless behavior,[5] reinforces application of the subjective standard. The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain.[6]

### B. Maliciousness

■ The BAP correctly observed that in In re Jercich, we treated the "malicious" injury requirement of § 523(a)(6) as separate from the "willful" requirement. According to In re Jercich: "A 'malicious' injury involves '(1) a wrongful act, (2) done

tion, however, conflates Su's unreasonable acceptance of "the high degree of risk involved" with an objective substantial certainty that harm would result. It is highly unlikely that Su was subjectively certain that harm would result, for if he were, he most likely would not have run the light and thrown both his life and others into certain peril. See, e.g., Alexander v. Donnelly (In re Donnelly), 6 B.R. 19, 23 (Bankr.D.Or., 1980) (finding that driving recklessly while intoxicated did not render the ultimate injury substantially certain because "[i]t would not have been possible for the defendant to have caused physical harm to the plaintiff in this fashion without equally great danger that she would also cause physical harm to herself and to her automobile"). Rather, Su likely performed a maneuver that carried with it a very high degree of risk, but one that he hoped could be navigated safely. If this action were found to possess an objective substantial certainty of harm, as Carillo argues, the line separating intent and recklessness would lose its meaning.

5. The Senate Committee Report accompanying the Bankruptcy Code's "willful and malicious injury" language, for example, reads:
> Paragraph (5) provides that debts for willful and malicious conversion or injury by the debtor to another entity or the property of another entity are nondischargeable. Under this paragraph "willful" means deliberate or intentional. To the extent that Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), held that a less strict standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled.

S. REP. NO. 95–989, at 79 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5865.

6. To be clear, when we speak of "actual knowledge" we are not suggesting that a court must simply take the debtor's word for his state of mind. In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action. See, e.g., Spokane Ry. Credit Union v. Endicott (In re Endicott), 254 B.R. 471, 477 n. 9 (Bankr.D.Idaho, 2000) ("The use of the term 'objective' is not talismanic nor at odds with Geiger if it is viewed as simply recognizing that a debtor will have to deal with any direct or circumstantial evidence which would indicate that he must have had a substantially certain belief that his act would injure, notwithstanding any subjective denial of such knowledge."). This approach, however, remains fundamentally subjective in that it retains its focus on what was actually going through the mind of the debtor at the time he acted.

This subjective approach explains how courts have typically resolved the applicability of § 523(a)(6) in the context of motor vehicle accidents. When car accidents occur and there is no evidence, beyond evidence of (at times) extreme recklessness, that the driver expressly sought to crash into another, § 523(a)(6)'s nondischargeability provision typically has been found inapplicable. See Madden v. Fate (In re Fate), 100 B.R. 141 (Bankr.D.Mass.1989); Mugge v. Roemer (In re Roemer), 76 B.R. 126 (Bankr.S.D.Ill.1987); Cooper v. Noller (In re Noller), 56 B.R. 36 (Bankr.E.D.Wis.1985); In re Donnelly, 6 B.R. at 23. When, however, the evidence demonstrates that the driver purposefully crashed his car into another's, § 523(a)(6) applies and the driver's debt stemming from that "accident" is nondischargeable. See Stubbs v. Mode (In re Mode), 231 B.R. 295 (Bankr. E.D.Ark.1999); Grange Mut. Cas. Co. v. Chapman (In re Chapman), 228 B.R. 899 (Bankr. N.D.Ohio 1998).

intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" 238 F.3d at 1209 (quoting *In re Bammer*, 131 F.3d at 791); *see also id.* at 1209 n. 36 (emphasizing that the "maliciousness standard—and in particular our 'just cause and excuse' prong—survived *Geiger*" and distinguishing *In re Miller*, where "the 'just cause or excuse' standard has been displaced by *Geiger* and ... [where] the 'willful' and 'malicious' prongs [have been collapsed] into a single inquiry").

The bankruptcy court, however, made no findings regarding malice. In fact, it conflated the "willful" and "malicious" prongs in its § 523(a)(6) analysis. While Carrillo contends that the four factors can be ascertained by examining the record, we decline to make the independent malice inquiry required by *In re Jercich* in the first instance. Therefore, on remand, the bankruptcy court should also make appropriate findings on the issue of malice.

## IV. CONCLUSION

For the foregoing reasons, we hold that the BAP correctly concluded that § 523(a)(6)'s willful injury requirement is governed by a subjective standard. Accordingly, we affirm the order of the BAP reversing the bankruptcy court and remanding the adversary proceeding for further proceedings.

**AFFIRMED.**