**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  ARNOLD BELLOW; GAYLE
BELLOW,

  Debtors,

_____

NORTHERN CALIFORNIA SMALL
BUSINESS FINANCIAL
DEVELOPMENT CORPORATION,

  Appellant,

  v.

ARNOLD BELLOW; GAYLE BELLOW,

  Appellees.

No. 11-60049

BAP No. 10-1327

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Pappas, and Jury, Bankruptcy Judges, Presiding

Submitted November 6, 2013[**]
San Francisco, California

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  KLEINFELD, THOMAS, and RAWLINSON, Circuit Judges.

Northern California Small Business Financial Development Corporation ("Nor-Cal") appeals from the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's entry of judgment against it following a bench trial on an adversary proceeding filed by Nor-Cal against chapter 7 debtors Arnold and Gayle Bellow ("the Bellows").  We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling.  *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009).  We affirm.  Because the parties are familiar with the history of this case, we need not recount it here.

I

Under our deferential standard of review, we conclude that the bankruptcy court did not abuse its discretion in denying the joint motion for a continuance of the trial.  Motions for continuance are generally evaluated according to the factors articulated in *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985).[1]  Those factors are: (1) the extent of appellant's diligence in his efforts to ready his case prior to the date set for hearing; (2) how likely it is that the need for a continuance

---

[1] Nor-Cal argues that the analysis of the motion should have been conducted under Bankruptcy Rule 9006(b).  We need not decide whether this is so, because, even if we applied Rule 9006(b), it would not alter our analysis.

could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the appellant might have suffered harm as a result of the district court's denial. *Id.* at 1359.

The record supports the bankruptcy court's conclusion that Nor-Cal had not been diligent; that the potential usefulness of the continuance was questionable given the history of delay; and that the continuance would have greatly inconvenienced the court. Thus, the BAP properly determined that the first three *Flynt* factors weighed in favor of the bankruptcy court's decision to deny the continuance. The final factor is the harm resulting from the court's denial. Certainly Nor-Cal suffered some prejudice because, as the bankruptcy court observed, it had done nothing to prepare for trial. However, given our very deferential standard of review, we agree with the BAP that the bankruptcy court did not abuse its discretion in analyzing the *Flynt* factors and denying the continuance sought on the eve of trial.

Nor did the bankruptcy court abuse its discretion in denying the mid-trial motion for a continuance to secure testimony. As the BAP pointed out, Nor-Cal did not show that it could have secured the testimony and, in fact, Nor-Cal had admitted that the witness had refused to testify. The record also supports the

bankruptcy court's conclusion that Nor-Cal had not exercised due diligence in its efforts to obtain the testimony. These facts sufficiently justify the bankruptcy court's denial of the motion for a recess. *See United States v. Fowlie*, 24 F.3d 1059, 1070 (9th Cir. 1994).

For these reasons, we join the BAP in concluding that the bankruptcy court did not abuse its discretion in denying the motions to vacate the trial date and recess the trial.

## II

The bankruptcy court did not err in granting the Bellows' motion for a judgment on partial findings. The bankruptcy court properly determined that Nor-Cal had failed to carry its burden of proof on any of its claims. There was little, if any, relevant documentary evidence provided at trial, and only speculative witness testimony.

Section 523(a)(2) of the Bankruptcy Code excepts from discharge any debt obtained according to a fraudulent act or false representation. Nor-Cal did not present evidence of any false representation. Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," but Nor-Cal was not able to establish a fiduciary relationship between Nor-Cal and the entity at issue. Nor was Nor-Cal able to

prove any misappropriation of funds from Nor-Cal. Section 523(a)(6) excepts from discharge any debt incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity." Nor-Cal was unable to establish that an intentional, wrongful act occurred that necessarily caused injury without just cause or excuse. *See In re Su*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (describing elements).

In sum, a careful review of the record supports the bankruptcy court's conclusion that Nor-Cal was unable to sustain its burden of proof at trial.


**AFFIRMED.**