**In re Sara RAZIYAN, Debtor.**

**Gateway One Lending & Finance LLC, Plaintiff,**

**v.**

**Sara Raziyan, aka Nijat Raziyan Tanha, aka Nijat T. Raziyan, Defendant.**

**Bankruptcy No. 2:12–bk–18736–TD. Adversary No. 2:12–ap–01708–TD.**

United States Bankruptcy Court, C.D. California, Los Angeles Division.

Nov. 19, 2013.

■

Thomas J. Prenovost, Jr., Prenovost Normandin Bergh & Dawe, Karel G. Rocha, Prenovost Normandin Bergh & Dawe, Santa Ana, CA, for Plaintiff.

Ali Matin, Irvine, CA, for Defendant.

## MEMORANDUM DECISION

THOMAS B. DONOVAN, Bankruptcy Judge.

On August 15, 2007, Platinum Auto Haus entered into a retail sales contract (Contract) for the purchase of a 2003 Mercedes Benz (VIN WDBLK70G53144109) with Defendant Sara Raziyan (Raziyan). Platinum Auto Haus immediately assigned the Contract to Gateway One Lending & Finance, LLC (Plaintiff). Pursuant to the Contract, Raziyan agreed not to sell, rent, lease, or transfer any interest in the car or the Contract without permission. Tr. Ex. 1, Contract, paragraph 2(b). She also agreed not to expose the car to misuse, seizure, confiscation, or involuntary transfer. *Id.* According to the Contract, Raziyan was required to make monthly payments of $508.16 beginning September 14, 2007, through August 14, 2013. Raziyan failed to complete all of the monthly payments. She made her last payment to Plaintiff in February 2011. After this default, and without Plaintiff's knowledge or permission, Raziyan did not return the car to Plaintiff but instead turned over possession of the car to her husband, Ali Lavassani, from whom she was separated; they were living separately and in the process of divorce.

Upon Raziyan's default, Plaintiff attempted to contact Raziyan to recover the car. Raziyan did not respond constructively or helpfully. Raziyan acknowledged at trial that she did not return the car to Plaintiff, then or later, but turned it over to her husband who worked in the "car business" and that she expected him to "take care of" the car for her.

Although Plaintiff recovered the car later after considerable investigative effort and expense, Plaintiff has not been paid the defaulted balance and remains unable to resell the car because California DMV records no longer reflect Plaintiff's lien.

Plaintiff discovered that its registered lien on the car's title had been improperly removed from California DMV records; title to the car was inexplicably transferred to a third party without Plaintiff's knowledge or consent. *See* Tr. Ex. 4. Plaintiff's evidence reasonably established that it suffered proximate economic loss of about $20,000 due to Defendant's non-payment of the Contract balance, her unauthorized transfer of possession, and the unexplained transfer of title to a third party. The circumstantial evidence suggests that Raziyan's husband, or an agent her husband may have enlisted, participated in the unauthorized transfer of title.

On March 12, 2012, Raziyan filed a voluntary chapter 7 petition. On May 16, 2012, Plaintiff timely filed an adversary complaint seeking an exception to discharge under 11 U.S.C. § 523(a)(6) against Raziyan. The complaint alleges that Raziyan made an unauthorized transfer of the car legally owned by the Plaintiff to a third party, Raziyan's husband, resulting in damages to the Plaintiff of $20,000. The trial was held on September 26, 2013, and the matter was taken under advisement based on the testimony and documentary evidence, both of which were minimal.

■■ Pursuant to 11 U.S.C. § 523(a)(6), a debt is nondischargeable by an individual when such debt is "for willful and malicious injury by the debtor to another entity or to the property of another entity...." In order for a debt to be nondischargeable under § 523(a)(6), the bankruptcy court must find the injury inflicted by defendant was both willful and malicious. *Matter of Ormsby*, 591 F.3d 1199, 1206 (9th Cir.2010). "The Supreme Court in *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), made it clear that for section 523(a)(6) to apply, the actor must intend the consequences of the act, not simply the act itself." *Ormsby* at 1206, *citing Geiger* at 60, 118 S.Ct. 974. "The Debtor is charged with the knowledge of the natural consequences of his [or her] actions." *Ormsby* at 1206 [citations omitted]. "In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action." *Id. See also Carrillo v. Su (In re Su)* 290 F.3d 1140, 1146 n. 6 (9th Cir.2002).

■■ A willful injury requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Geiger* at 61, 118 S.Ct. 974. The willful requirement of 523(a)(6) is met when it is shown either (a) that the debtor had a subjective intent to cause harm or (b) knowledge that harm is substantially certain to occur as a result of his [or her] conduct. *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir.2001). *In re Su* at 1144–45 n. 3.

■ The next step of the inquiry is whether the injury was "malicious." "An injury is 'malicious,' as that term is used in Section 523(a)(6), when it is: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause and excuse." *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1106 (9th Cir.2005).

■ Raziyan intended to inflict harm on Plaintiff. Plaintiff's loss was the result of a deliberate, intentional act on Raziyan's part in transferring and abandoning the car to her husband in direct violation of her obligations to Plaintiff. Raziyan's act was wrongful at best, done intentionally, and was, in this instance, the direct cause of Plaintiff's injury. These conclusions are based on the following reasons:

Raziyan concedes that she turned the car over to her husband. She did so without the Plaintiff's knowledge or permission. Her conduct led directly to an egregious violation of Plaintiff's property rights. Her testimony regarding the reason for giving the car to her husband was vague and unpersuasive; essentially, she evaded her financial responsibility to Plaintiff by saying she knew that her husband was in the car business and thought he would "take care" of the car for her. The court infers from this evidence that Raziyan expected her husband to dispose of the car, but otherwise she disregarded any further responsibility to Plaintiff. Instead Raziyan sought the respite of chapter 7 bankruptcy and the hope of an easy discharge of her debt to Plaintiff.

Raziyan was required by the Contract with Plaintiff to return the car to the Plaintiff when she could not pay. Because Raziyan intentionally concealed the car from Plaintiff and instead gave the car to her husband without the Plaintiff's knowledge or permission after she defaulted on the Contract, she had to know that she was depriving Plaintiff of its property and Plaintiff's immediate right to possession of the car. She had to know that avoiding or delaying Plaintiff's recovery of the car would aggravate Plaintiff's economic loss resulting from her contractual default and that harm to Plaintiff was substantially certain to occur as a result of her conduct.

The court concludes that Plaintiff's economic loss was a direct result of an intentional wrongful act by Raziyan that she knew, or subjectively had to know, would deprive Plaintiff of its right to mitigate its economic loss by repossession and resale. The circumstantial evidence here leads the court to conclude that Plaintiff's ultimate losses were a direct and natural consequence of Raziyan's conduct. *See Geiger* at 60, 118 S.Ct. 974.

Under the circumstances, Raziyan did not have any valid reason to give the car to her husband without Plaintiff's consent. Raziyan's defenses are unconvincing. Plaintiff has proved by a preponderance of the evidence that Raziyan should be held liable to Plaintiff on a nondischargeable basis under 11 U.S.C. § 523(a)(6) for willful and malicious injury suffered by the $20,000 loss of Plaintiff's property. Plaintiff has proved that Raziyan acted deliberately and intentionally in turning the car over to her husband while failing to immediately turn over the car to the Plaintiff. Raziyan knew or had to have known the consequences of her actions in giving the car to her husband. She had to know that this action was wrongful and would cause injury to the Plaintiff. Raziyan failed to establish that there was any just cause or excuse for her conduct in failing to return the car to the Plaintiff but instead concealing the car from Plaintiff and turning it over to her husband. Raziyan's conduct does not establish that she was an honest debtor simply seeking relief from insurmountable debt. It proved instead that she actively dodged her responsibility to allow Plaintiff to mitigate its economic losses resulting from Raziyan's contractual defaults. Raziyan does not deserve the discharge she seeks.

Raziyan's willful, malicious conduct also constituted conversion of Plaintiff's interest in the car. Under California law, the elements of a conversion are: (1) the creditor's ownership or right to possession at the time of the conversion; (2) the debtor's conversion by a wrongful act or disposition of property rights; and (3) damages. *In re Thiara*, 285 B.R. 420, 427 (9th Cir. BAP 2002). Plaintiff here alleged and proved all three elements: (1) Plaintiff held legal title to the car and had the right to repossess it upon Raziyan's payment default; (2) Raziyan converted the car by

wrongfully and maliciously concealing it from Plaintiff on her own private terms; and (3) Plaintiff suffered a total of $20,000 in economic loss as a result of Raziyan's conduct.

Judgment will be entered for Plaintiff excepting Raziyan's debt to Plaintiff from discharge in the amount of Plaintiff's total damages of $20,000, plus interest at the federal rate, costs and attorneys' fees, to be established by a separate application.

IT IS SO ORDERED.