**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: CHRISTOPHER JOHN HAMILTON; ELIZABETH LEIGH TESOLIN, <br><br> Debtors, <br><br> ------------------------------ <br><br> CHRISTOPHER JOHN HAMILTON; ELIZABETH LEIGH TESOLIN, <br><br> Appellants, <br><br> v. <br><br> ELITE OF LOS ANGELES, INC.; SAN DIEGO TESTING SERVICES, INC., <br><br> Appellees. | No. 18-60026 <br><br> BAP No. 17-1223 <br><br> MEMORANDUM[*] |
| In re: CHRISTOPHER JOHN HAMILTON; ELIZABETH LEIGH TESOLIN, <br><br> Debtors, <br><br> ------------------------------ <br><br> CHRISTOPHER JOHN HAMILTON, | No. 18-60027 <br><br> BAP No. 17-1126 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant,

v.

ELITE OF LOS ANGELES, INC.; et al.,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted November 6, 2019[**]
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[***] District Judge.

Christopher Hamilton and Elizabeth Tesolin filed a Chapter 11 petition after Elite of Los Angeles, Inc. and San Diego Testing Services, Inc. (collectively, "Elite") obtained a state court judgment against them.  The bankruptcy court held that Elite's judgment against Hamilton was nondischargeable under 11 U.S.C. § 523(a)(6) because of his willful and malicious conduct; the Bankruptcy Appellate Panel ("BAP") affirmed.  *See Elite of Los Angeles, Inc. v. Hamilton (In re*

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

2

*Hamilton)*, 584 B.R. 310, 322 (B.A.P. 9th Cir. 2018).  Hamilton appeals that ruling, and both he and Tesolin appeal the BAP's determination regarding assessment of post-judgment interest.  We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

1.  The bankruptcy court and the BAP did not err in finding that Hamilton's conduct was "willful" under 11 U.S.C. § 523(a)(6) because he "had a subjective motive to inflict injury or . . . believed that injury was substantially certain to occur as a result of his conduct."  *See Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207–08 (9th Cir. 2001); *see also Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010); *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142, 1144–45 (9th Cir. 2002).

2.  The BAP correctly awarded post-judgment interested at the ten percent rate imposed by California Code of Civil Procedure § 685.010 for the full post-judgment period because the bankruptcy court only had authority to determine whether Hamilton's debt was dischargeable, and "interest at the state's judgment interest rate continues to accrue postpetition on nondischargeable debts."  *See Schoen v. Schoen (In re Schoen)*, 176 F.3d 1150, 1166 (9th Cir. 1999) (per curiam).

**AFFIRMED.**