**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  JAMES ELLIS ARDEN,<br><br>Debtor,<br>_____<br><br>MARTINA A. SILAS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JAMES ELLIS ARDEN,<br><br>Defendant-Appellant. | No.   19-55643<br><br>D.C. Nos.   1:13-bk-13879-VK<br>1:13-ap-01164-VK<br><br>MEMORANDUM[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Argued and Submitted December 9, 2020
Pasadena, California

Before:  BEA, THAPAR,[**] and COLLINS, Circuit Judges.

James Arden appeals a bankruptcy court judgment holding that his debt to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Martina Silas is not dischargeable. The debt is from Silas's successful lawsuit against Arden for malicious prosecution in California state court. Arden tried to have the damages he owed discharged in bankruptcy, but the bankruptcy code does not allow the discharge of debts "for willful and malicious injury." 11 U.S.C. § 523(a)(6). The bankruptcy court concluded that Arden's malicious prosecution of Silas caused such an injury. We affirm.

I.

*Malice.* The bankruptcy court correctly held that the malicious-prosecution judgment precluded Arden from relitigating the issue of malice. The California state judgment established that, in prosecuting his malpractice case against Silas, Arden acted with at least a "subjective intent to deliberately misuse the legal system for personal gain or satisfaction at [Silas's] expense." *Silas v. Arden*, 213 Cal. App. 4th 75, 90–91 (2012). That determination satisfies each of the elements of malice under the bankruptcy code: (1) a wrongful act, (2) done intentionally, which (3) necessarily causes injury, and which was (4) done without just cause or excuse. *In re Su*, 290 F.3d 1140, 1146–47 (9th Cir. 2002).

The "deliberate[] misuse [of] the legal system" satisfies the first two elements: a wrongful act done intentionally. *Silas*, 213 Cal. App. 4th at 90. And the tort necessarily causes injury because the misuse must come "at the expense of the wrongfully sued defendant." *Id.* at 90–91. Finally, the tort was committed

without just cause or excuse.  How do we know?  Because a justifiable or excusable use of the legal system could not reasonably be described as "deliberate misuse," and personal gain or satisfaction—an element of malicious prosecution in California —could not reasonably count as just cause.

A jury found that Arden maliciously prosecuted a malpractice case against Silas, and its verdict was affirmed on appeal.  The resulting judgment forecloses any argument that Arden did not injure Silas with malice.  Thus, the bankruptcy court did not err by preventing Arden from relitigating the issue of malice.

*Willfulness*.  The bankruptcy court also did not err in determining that Arden willfully injured Silas.  An injury is willful if the debtor acted with "a subjective motive to inflict injury" or if he "believe[d] that injury [was] substantially certain to result from his own conduct."  *In re Ormsby*, 591 F.3d 1199, 1206 (9th Cir. 2010).

Although Arden maintains that he did not act with an improper motive, his word is not decisive.  *See In re Su*, 290 F.3d at 1146 n.6 ("[W]e are not suggesting that a court must simply take the debtor's word for his state of mind.").  Arden is "charged with the knowledge of the natural consequences of his actions," *In re Ormsby*, 591 F.3d at 1206, and the court "may consider circumstantial evidence that tends to establish what [he] must have actually known" at the time of the injury, *In re Su*, 290 F.3d at 1146 n.6.

3

The bankruptcy court considered the circumstances of the underlying malpractice suit and found that Arden "prosecuted the [case] on grounds [he] knew were patently meritless," and that he "tried to keep the [case] alive long enough to leverage [Silas] to make a settlement offer." These findings were not clearly erroneous.

Arden continued to accuse Silas of misappropriation in the malpractice suit long after he learned that the allegations were baseless. This supports the bankruptcy court's conclusion that Arden "kept [these] allegations in the suit because the presence of those serious allegations of misconduct would make it more likely that [Silas] . . . might settle." While Arden said he left the allegations in by mistake, the court found this explanation "not credible." *See In re Su*, 290 F.3d at 1146 n.6 (explaining that a court need not accept the debtor's assertions about his motive as true). What's more, Arden gathered almost no evidence for the malpractice case before the discovery deadline, further supporting the court's finding that Arden knew the claims were meritless. The court concluded on the basis of its findings that Arden acted with "a specific intent to harm," and thus, willfully. That was not error.

## II.

*Filing Fee.* The Federal Rules of Appellate Procedure require "the appellant" to "pay the district clerk all required fees" after the circuit has granted

4

permission to hear an appeal.  Fed. R. App. P. 5(d)(1).  This rule expressly applies to a "direct appeal by permission under 28 U.S.C. § 158(d)(2)."  Fed. R. App. P. 6(c)(1)(B) ("[A]s used in any applicable rule, 'district court' or 'district clerk' includes—to the extent appropriate—a bankruptcy court or bankruptcy appellate panel or its clerk . . . .").  It makes no difference that Silas was the one who sought to have this court directly hear the appeal that Arden had taken to the bankruptcy appellate panel.  As "the appellant" of the bankruptcy court decision, Arden is responsible under Rule 5(d)(1) for paying the fee associated with his appeal.

AFFIRMED.