

**FILED**

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  LISA M. GARCIA, | No.    22-60002 |
| Debtor, | BAP No. 21-1041 |
| ------------------------------- | |
| LISA M. GARCIA, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| SAMEH FAWZY, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted April 14, 2023[**]
Pasadena, California

Before:  W. FLETCHER, BERZON, and LEE, Circuit Judges.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lisa M. Garcia appeals from an affirmance by the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") of the bankruptcy court's finding of nondischargeability.  In 2007, Sameh Fawzy, Garcia's ex-fiancé, filed suit in Arizona state court, alleging that Garcia unlawfully obtained money from their joint bank accounts and transferred title to Fawzy's vehicle to herself.  The Arizona jury found in favor of Fawzy and awarded him $174,321.98 in damages.  In 2018, Garcia subsequently filed for Chapter 7 bankruptcy in the Central District of California.  Fawzy filed an adversarial complaint alleging that Garcia could not discharge the debt from the Arizona judgment.  He argued that the debt was nondischargeable under 11 U.S.C. § 523(a)(6) because Garcia willfully and maliciously injured him.  After an initial remand from the BAP, the bankruptcy court found that the judgment was nondischargeable under § 523(a)(6).  The BAP affirmed.

We have jurisdiction under 28 U.S.C. § 158(d)(1).  "Whether an actor behaved wilfully and maliciously is ultimately a question of fact reserved for the trier of fact."  *Banks v. Gill Distrib. Ctrs., Inc.* (*In re Banks*), 263 F.3d 862, 869 (9th Cir. 2001).  A bankruptcy court's factual findings are reviewed for clear error. *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002).  Decisions to admit

2

or exclude evidence are reviewed for an abuse of discretion.  *Calmat Co. v. U.S. Dep't of Lab.*, 364 F.3d 1117, 1122 (9th Cir. 2004).

Our review of a court's evidentiary rulings consist of two steps.  First, we determine whether the court abused its discretion in admitting the evidence.  Second, we determine whether any error was prejudicial.  *See id.*  An evidentiary error is prejudicial if "more probably than not, the lower court's error tainted the verdict."  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (internal quotation marks omitted) (quoting *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001)).  Assuming without deciding that the bankruptcy court abused its discretion in considering the Arizona jury instructions and verdict, Garcia fails to demonstrate prejudice.  A willful act under § 523(a)(6) is an act that deliberately or intentionally causes an injury, "not merely a deliberate or intentional act that leads to injury."  *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).  A malicious act is: (1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) is done without just cause or excuse.  *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1209 (9th Cir. 2001).

Even without relying on the jury instructions and the verdict, there was ample evidence to support the bankruptcy court's finding that Garcia acted willfully and maliciously.  The record, including payment and business records,

3

strongly supports Fawzy's version of events. Moreover, the bankruptcy court did not clearly err in finding Garcia's explanation for removing money from the joint bank accounts not credible. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985). Garcia contradicted her own explanation at multiple points during the litigation, impugning her credibility. In short, we cannot say that the admission of the jury verdict and instructions more probably than not tainted the verdict. *See Harper*, 533 F.3d at 1030.

    **AFFIRMED.**