NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2024



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PETER SZANTO,<br><br>            Debtor.<br><br>———————————<br><br>PETER SZANTO,<br><br>            Appellant,<br><br>  v.<br><br>CANDACE AMBORN, Chapter 7 Trustee;<br>LANE POWELL PC.,<br><br>            Appellees. | No.    22-60015<br><br>BAP No. 21-1118<br><br>MEMORANDUM[*] |

Appeal from the United States Bankruptcy Appellate Panel
of the Ninth Circuit
Scott H. Gan, Julia W. Brand, and Gary A. Spraker, Bankruptcy Judges

Submitted April 17, 2024[**]

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Peter Szanto appeals pro se from the Bankruptcy Appellate Panel's (BAP) judgment affirming the Bankruptcy Court's order to award professional compensation to Lane Powell PC in the amount of $14,551.88. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the BAP's decision on appeal from the Bankruptcy Court. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). We review a Bankruptcy Court's order awarding compensation to an attorney under 11 U.S.C. § 330 for abuse of discretion. *Hale v. United States Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007); *see also In re Salgado-Nava*, 473 B.R. 911, 915 (B.A.P. 9th Cir. 2012).  We affirm.

The Bankruptcy Court did not abuse its discretion by awarding compensation to Lane Powell PC. The Bankruptcy Court authorized the Chapter 7 trustee to employ David Criswell of Lane Powell to assist in recovering estate assets, and determined that Criswell's efforts were necessary and reasonably likely to benefit the estate.

On August 16, 2016, Szanto filed a voluntary chapter 11 petition. In 2017, the Bankruptcy Court converted the case to one under chapter 7. Around the time of conversion, Szanto transferred significant funds to banks in Singapore. After an evidentiary hearing, the Bankruptcy Court issued an order holding Szanto in contempt and requiring him to turn over the transferred assets and to grant the Chapter 7 trustee access to the Singapore accounts. Szanto refused to comply, resulting in two additional contempt orders and, ultimately, a denial of Szanto's discharge. The Chapter 7 trustee initiated a proceeding in Singapore to enforce the Bankruptcy

2

Court's orders (the "Singapore Action"). The Bankruptcy Court then authorized the Chapter 7 trustee to employ David W. Criswell ("Criswell") of Lane Powell PC to serve as an expert witness in the Singapore Action.

Szanto argues 1) the Singapore Action was improper under Singaporean law and 2) the Singapore court had sole authority to award compensation to Lane Powell PC. Neither argument is persuasive.

The propriety of the Singapore Action is a matter for the Singapore court to decide. But for the purpose of awarding compensation for professional services, what matters is that the Bankruptcy Court authorized the Chapter 7 trustee to employ Lane Powell PC to assist in recovering estate assets, after determining that those services were necessary and reasonably likely to benefit the estate. Trustees often must litigate in courts besides the Bankruptcy Court on behalf of the estate, and professionals employed to assist in such litigation are compensated under § 330(a). *See In re Mednet*, 251 B.R. 103, 108 (9th Cir. BAP 2000).

Szanto bases his argument that the Singapore court had sole jurisdiction to award compensation on Singapore Order 40. But this authority is inapplicable. Criswell testified before the Singapore court under Order 40A, not Order 40. Order 40A does not reserve the right to award compensation only to the Singaporean court.

**AFFIRMED.**