NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. NC-11-1187-SaDH |
| Global Reach Investment Corp., | Bk. No. 10-32303 |
| Debtor. | |
| Herman Kwai | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| Andrea Wirum, Trustee | |
| Appellee. | |

Submitted on January 19, 2012
at San Francisco, California

Filed - March 20, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Dennis Montali, Bankruptcy Judge, Presiding

Appearances:    Chinin Tana argued for Appellant; Charles Patrick
Maher of Luce, Forward, Hamilton & Scripps LLP,
argued for Appellee.

Before: SALTZMAN,[2] DUNN and HOLLOWELL, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Hon. Deborah J. Saltzman, Bankruptcy Judge for the Central District of California, sitting by designation.

This appeal arises from the bankruptcy court's order granting the chapter 7[3] trustee's motion to sell the debtor's 100% interest in stock of Starble International, Ltd. ("Starble") to D. Chan Investment Co. (Cayman) Ltd. ("Chan Investment") as designee of Burlingame Investment Corporation ("Burlingame"). For the reasons set forth below, we AFFIRM the bankruptcy court's order authorizing the sale of the Starble stock to Chan Investment.

## I.  FACTS

On June 22, 2010, Global Reach Investment Corp. (the "Debtor") filed a voluntary chapter 7 petition.  In its bankruptcy schedules, the Debtor listed 100% ownership of the Starble stock as an asset with a value of $4.7 million.  Before the Debtor's bankruptcy filing, Herman Kwai ("Kwai"), the Debtor's sole shareholder, and Burlingame, among other entities, were involved in litigation in at least three different courts regarding a variety of issues related to the Debtor and Starble, including matters that could impact the ownership rights to the Starble stock.

During the bankruptcy, Andrea Wirum, the chapter 7 trustee (the "Trustee"), sought to sell the Debtor's interest in the Starble stock under section 363.  After some negotiations,

---

[3] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

Burlingame offered $20,000[4] to purchase the Debtor's interest in the Starble stock by quitclaim deed. Kwai, among others,[5] raised several objections to the sale, asserting that: (1) the bankruptcy court could not approve a sale where ownership of the Starble stock was in dispute based on this panel's decision in Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005); and (2) Chan Investment was not a "good faith purchaser" under section 363(m).

Over Kwai's objections, the bankruptcy court approved the Trustee's sale of the Debtor's interest in the Starble stock to Chan Investment. In approving the sale, the bankruptcy court concluded that In re Popp did not apply because the Trustee sought only to sell the Starble stock by quitclaim deed (i.e., the dispute over ownership of the stock did not matter because the Trustee sought only to sell whatever interest the Debtor owned in the Starble stock, even if that interest was nothing). The bankruptcy court further concluded that Chan Investment was a good faith purchaser within the meaning of section 363(m) because it had negotiated a deal with the Trustee at arms' length, did

---

[4] Burlingame was a creditor of the Debtor and initially made a purchase offer of $20,000 plus a $50,000 reduction in its claim against the Debtor. Because the bankruptcy court expressed concerns that a $50,000 reduction in Burlingame's claim was illusory, it was eliminated from the offer.

[5] In addition to Kwai, Jeffrey Chang, Michael Choy, Rafael Pacquing and Chinin Tana objected to the sale of the Starble stock. The bankruptcy court overruled the objections of all parties except Kwai because they lacked standing to object. Only Kwai appealed the bankruptcy court's order approving the sale.

not engage in fraud and did not collude with the Trustee to purchase the Starble stock.

Subsequently, the bankruptcy court denied both Kwai's timely motion to reconsider the order approving the sale and Kwai's timely motion for a stay pending appeal.  This appeal followed, and Kwai immediately moved this Panel for a stay pending appeal.  By order entered April 28, 2011, this Panel denied Kwai's motion for stay pending appeal for lack of evidence supporting a discretionary stay pending appeal under the factors outlined in Wymer v. Wymer (In re Wymer), 5 B.R. 802, 806 (9th Cir. BAP 1980).

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(N).  This Panel has jurisdiction over appeals pursuant to 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred in finding Chan Investment a "good faith purchaser" within the meaning of section 363(m).

## IV.  STANDARDS OF REVIEW

This Panel reviews a bankruptcy court's factual findings for clear error.  In re BCE West, L.P., 319 F.3d 1166, 1170 (9th Cir. 2003) (citing Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002)).  Mixed questions of law and fact are reviewed de novo.  Id.  A finding is clearly erroneous if it is "illogical, implausible, or without support in the record."  Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010) (citing United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009)

4

(en banc)).

**V. DISCUSSION**

A. <u>Good Faith Finding</u>

Sales of estate property under section 363(b) and (c) are insulated from appeals by the safe harbor provision of section 363(m). <u>Paulman v. Gateway Ventures Partners III, L.P. (In re Filtercorp, Inc.)</u>, 163 F.3d 570, 576 (9th Cir. 1998); <u>In re Ewell</u>, 958 F.2d 276, 280 (9th Cir. 1992); <u>In re Onouli-Kona Land Co.</u>, 846 F.2d 1170, 1172-73 (9th Cir. 1988); <u>see</u> <u>also</u> <u>Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)</u>, 391 B.R. 25, 35 (9th Cir. BAP 2008). Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

Where no stay pending appeal is obtained, an appellate court is precluded from reviewing issues other than the "good faith" of the purchaser. <u>See</u> <u>Ferrari N. Am., Inc. v. Sims (In re R.B.B., Inc.)</u>, 211 F.3d 475, 478-80 (9th Cir. 2000); <u>Ewell</u>, 958 F.2d at 281 ("As indicated in § 363(m), a stay is not required to challenge a sale on the grounds that an entity did not purchase in good faith . . . ."); <u>see also</u> <u>Licensing by Paolo v. Sinatra (In re Gucci)</u>, 105 F.3d 837 (2d Cir. 1997) (failure to obtain stay of order approving sale deprives appellate court of jurisdiction to determine any issue other than good faith of purchaser). Phrased differently, "even though an appeal from an

5

order approving a sale is moot if the sale has not been stayed and is consummated, there are several exceptions." One such exception is "questioning whether the purchaser purchased the property in good faith." In re Fitzgerald, 428 B.R. 872, 880 (9th Cir. BAP 2010) (citing Sw. Prods., Inc. v. Durkin (In re Sw. Prods.), 144 B.R. 100, 102-03 (9th Cir. BAP 1992)).

Here, despite two attempts (one in bankruptcy court and one in this court), Kwai did not obtain a stay pending appeal. Because Kwai never successfully obtained a stay, we are precluded from reviewing anything other than the "good faith" of Chan Investment.

B.    Good Faith Purchaser

The Bankruptcy Code does not define "good faith purchaser," but the Panel has found a "good faith purchaser" to be one who buys "in good faith" and "for value." T.C. Investors v. Joseph (In re M Capital Corp.), 290 B.R. 743, 746 (9th Cir. BAP 2003). "Typically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." Ewell, 958 F.2d at 279. The burden of proof to show "good faith" is on the proponent of good faith. M Capital Corp., 290 B.R. at 747.

Here, Kwai attacks the bankruptcy court's factual finding that Chan Investment was a "good faith purchaser" by arguing that because Chan Investment had knowledge of adverse ownership claims to the Starble stock (i.e., as the designee of Burlingame, Chan Investment knew of the state court action regarding the ownership dispute), it could not have been a "good faith purchaser" under

6

the reasoning of <u>In re Mark Bell Furniture Warehouse, Inc.</u>, 992 F.2d 7, 8 (1st Cir. 1993).[6]

Conversely, the Trustee argues that Chan Investment was a good faith purchaser because it negotiated the purchase of the Starble stock for $20,000 at arms' length, no fraud or collusion existed, and Chan Investment did not take grossly unfair advantage of any other potential purchasers. The Trustee further contends that <u>Mark Bell</u> is unpersuasive because it does not sufficiently define what constitutes "knowledge of adverse claims."

The bankruptcy court did not err in finding Chan Investment a "good faith purchaser" within the meaning of section 363(m). The bankruptcy court relied on both written evidence (Mitchell Meyer's declaration) and oral representations of the Trustee at the sale hearing to make its decision. Kwai has not identified any factual basis to show that the bankruptcy court erred in making this determination. Instead, Kwai attempts to persuade this Panel to adopt another circuit's legal standard when the law in the Ninth Circuit is clear:[7] a "good faith purchaser" is one who buys "in good faith" and "for value." <u>M Capital Corp</u>, 290

---

[6] A good faith purchaser is "one who buys property . . . for value, <u>without knowledge of adverse claims</u>." <u>In re Mark Bell Furniture Warehouse, Inc.</u>, 992 F.2d 7, 8 (1st Cir. 1993) (emphasis added).

[7] <u>Mark Bell</u>, a First Circuit decision, is not binding precedent in the Ninth Circuit. <u>See</u> <u>Hart v. Massanari</u>, 266 F.3d 1155, 1172-73 (9th Cir. 2001) ("[A]n opinion of our court is binding within our circuit, not elsewhere in the country. The courts of appeal, and even the lower courts of other circuits, may decline to follow the rule we announce . . .").

7

B.R. at 746. In the Ninth Circuit, the "good faith" inquiry centers on fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders - not whether a buyer knows of adverse claims. See Ewell, 958 F.2d at 279.

Chan Investment's knowledge of adverse ownership claims to the Starble stock is immaterial. The bankruptcy court found that Chan Investment did not defraud other parties, did not collude with the Trustee, did not take grossly unfair advantage of other potential purchasers and paid $20,000 for the stock. The bankruptcy court correctly applied Ninth Circuit law in finding Chan Investment a "good faith purchaser" and did not err in this determination. To the extent Kwai challenges the merits of this appeal based on the applicability of In re Popp, 323 B.R. 260, we address this challenge below.

C.    Applicability of In re Popp

Kwai alternatively contends that the safe harbor protections of section 363(m) cannot apply to a sale to which section 363 does not apply. See In re Popp, 323 B.R. 260 (reversing approval of a sale of real property under section 363 where the bankruptcy court made a determination that the estate was authorized to sell the property while litigation over ownership was pending). Kwai asserts that because ownership of the Starble stock was in dispute, it was unclear whether the stock even constituted property of the estate to which section 363 could apply.[8]

---

[8] Section 363 provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary (continued...)

8

Following In re Popp, Kwai argues that the bankruptcy court should have waited until ownership of the Starble stock was finally determined in the state court action before proceeding with a sale under section 363(b).

In response, the Trustee asserts that In re Popp is inapplicable for two reasons: (1) the Trustee was selling only whatever interest the estate owned (i.e., quitclaiming the estate's interest, if any, to the potential buyer); and (2) the Debtor specifically listed 100% ownership interest in the Starble stock on its bankruptcy schedules and never disclosed a dispute over ownership until the Trustee sought to sell the stock.

The Trustee's arguments are more persuasive. This case is distinguishable from In re Popp. In In re Popp, the chapter 7 trustee sought to convey fee title in real property while title was held in a non-debtor third party's name, and there was pending litigation as to whether the real property was property of the estate. Here, the Trustee seeks only to sell whatever interest, if any, the Debtor may own in the Starble stock. Although several parties have sued the Debtor over ownership of the stock, the Debtor unambiguously listed in Schedule B under the subheading "Stock and interests in incorporated and unincorporated businesses" that it "owns 500 shares of common stock [in Starble International Ltd.], representing a 100% interest in Starble . . . ."

Chan Investment knew of the pending ownership dispute, knew

---

⁸(...continued)
course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1) (emphasis added).

9

the sale terms, knew it would receive the Starble stock by quitclaim deed and knew the Debtor could possibly have no ownership interest in the stock. The bankruptcy court's order simply authorized the Trustee to sell whatever interest the estate had – even if that interest was nothing - to a buyer with full knowledge of the situation. Nothing in In re Popp precludes such an order.[9]

## VI. CONCLUSION

For the reasons set forth above, the bankruptcy court did not err in finding Chan Investment a good faith purchaser subject to the protections of section 363(m) and authorizing the sale of the Starble stock accordingly. We AFFIRM.

---

[9] Further, In re Popp was primarily based on In re Rodeo Canon Dev. Corp., 362 F.3d 603 (9th Cir. 2005), which held that a bankruptcy court could not authorize a sale under section 363 until the court determined whether the estate had an ownership interest in the property to be sold. However, the Ninth Circuit withdrew that opinion on March 8, 2005. See In re Rodeo Canon Dev. Corp., 2005 WL 663421, Nos. 02-56999, 02-57203 (9th Cir. March 8, 2005).