# FILED

MAY 27 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | ) BAP No. EC-13-1200-PaJuKu |
| | ) |
| KEVIN HEALY, | ) Bankr. No. 10-38019 |
| | ) |
| Debtor. | ) Adv. Proc. 10-2606 |
| _____ | ) |
| | ) |
| KEVIN HEALY, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **M E M O R A N D U M**[1] |
| | ) |
| M. CYNTHIA ROSE, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on May 14, 2015
at Sacramento, California

Filed - May 27, 2015

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Michael S. McManus, Bankruptcy Judge, Presiding

---

Appearances:  Appellant Kevin Healy argued pro se; Stephanie J. Finelli argued for appellee M. Cynthia Rose.

---

Before: PAPPAS, JURY, and KURTZ, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

-1-

Chapter 7[2] debtor Kevin M. Healy ("Healy") appeals the judgment of the bankruptcy court determining that his debt to creditor M. Cynthia Rose ("Rose") is excepted from discharge under § 523(a)(6).  We AFFIRM.

## I.  FACTS

### The Fee Dispute and the Arbitration

This litigation involves a contest between a lawyer and his former client.  The attorney, Healy, represented Rose from the late 1990s until 2002.  They did not part amicably.  Rose disputed that she owed certain fees to Healy, and she eventually filed a complaint against him with the California State Bar.

The fee dispute was referred to a private arbitration.  After an evidentiary hearing, on March 29, 2002, the arbitrators found in favor of Healy, and awarded him $77,076.75, which was reduced by $1,750, representing his half of the $3,500 filing fee.  It is not disputed that Rose claimed in the arbitration that she had paid the entire $3,500 while, in fact, she had only paid $1,250.  In other words, while the award effectively gave Rose a credit equal to one-half of the arbitration fee ($1,750), she had only paid $1,250.

Healy obtained a copy of Rose's $1,250 check before the arbitration award was announced.  Nevertheless, when it was entered, he did not move to vacate or correct the arbitration award, nor did he otherwise bring the fee payment discrepancy to

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, all Civil Rule references are to the Federal Rules of Civil Procedure 1–86, and all Appellate Rule references are to the Federal Rules of Appellate Procedure 1–48.

the attention of the arbitrators, or to Charles Bauer ("Bauer"), Rose's attorney in the arbitration proceeding.

Rose paid the arbitration award to Healy, and Rose did not appeal the award.

### The State Court Proceedings

Over two years later, on April 27, 2004, Healy filed a civil suit against Rose in Sacramento County Superior Court (the "State Court") asserting that she had committed perjury during the arbitration proceedings. Healy alleged that Rose had falsely testified in the arbitration proceedings that she had paid $3,500 for the arbitration fees when she had in fact only paid $1,250. Healy sought damages of $1,250 (the difference between one-half of $3,500 and one-half of $1,125), unspecified special damages, and punitive damages of $1 million.

On June 1, 2004, Rose filed a motion to dismiss the State Court complaint under Cal. Code Civ. Proc. § 426.16, California's anti-SLAPP statute. After the recusal of two judges, the case was assigned to a third judge. On July 9, 2004, the State Court notified the parties that a hearing on the dismissal motion would be held on July 21, 2004. Healy did not file an opposition to the dismissal motion; however, the day before the hearing on the dismissal motion, Healy filed a letter with the State Court demanding a stay of the proceedings because he was on duty with the U.S. Naval Reserve, citing as authority Cal. Mil. & Vet. Code § 403. The State Court denied Healy's demand for a stay because the letter purportedly from Healy's commanding officer was not on command letterhead, was addressed "To Whom It May Concern," and failed to specify the dates when Healy would be on active duty.

-3-

At the hearing, the State Court granted Rose's motion to dismiss, concluding that Healy could not recover based on Rose's testimony in the arbitration proceeding because the "litigation privilege" in Cal. Civ. Code § 47[3] was an absolute defense to Healy's action and, as a result, "as a matter of law plaintiff cannot show probability of prevailing on the merits."

Rose then filed a motion for an award of attorney's fees and costs she had incurred in securing the dismissal of Healy's complaint and opposing his efforts to stay the action. The fee motion was set to be heard on August 25, 2004.

Before the hearing on Rose's motion for fees and costs, Healy filed a chapter 7 bankruptcy case on August 16, 2004. The bankruptcy court later granted Rose relief from the automatic stay to proceed with the State Court hearing on the motion for fees and costs. Eight days after the stay relief order was entered, Healy's first bankruptcy case was dismissed.

On February 24, 2005, Healy filed a motion in the State Court under Cal. Code Civ. Proc. § 473[4] to set aside the dismissal of his complaint. The State Court denied the motion because Healy

[3] **§ 47. Privileged publication or broadcast**

A privileged publication or broadcast is one made: . . .

 (b) In any (1) legislative proceeding, **(2) judicial proceeding**, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . .

Cal. Civ. Code § 47(b) (2015) (emphasis added).

[4] Cal. Code Civ. Proc. § 473 is similar to Civil Rule 60(b).

-4-

had not demonstrated mistake, inadvertence, or excusable neglect, had not filed a required affidavit, and had not shown that Cal. Civ. Code § 47 was not an absolute defense to his complaint. The State Court further found that Healy had not acted in good faith in seeking a stay of proceedings under Cal. Mil. & Vet. Code § 403, and had instead sought protection under that act to "deliberately and willfully attempt to evade ultimate determination of the issues involved in the litigation."

On March 21, 2005, the State Court awarded Rose $14,280 in attorney's fees and $734 in costs (the "First Fee Award"). Healy paid the First Fee Award; it is not at issue in this appeal.

Healy appealed the dismissal and First Fee Award on May 20, 2005. On February 14, 2007, the California Court of Appeals dismissed the appeal of the dismissal as untimely, affirmed the First Fee Award, and awarded appellate attorneys fees and costs to Rose, in an amount to be determined by the State Court. On June 12, 2007, the State Court entered a judgment for Rose for attorney's fees and costs of $12,739.68 for the appellate fees and costs (the "Second Fee Award").

Healy filed a motion for reconsideration of the Second Fee Award. The State Court denied the motion in an order, a portion of which was later read into the record at trial in the adversary proceeding:

> The complaint alleges fraud and deceit based on statements made by [Rose] in a key arbitration proceeding. The claims fall squarely within the plain language of the anti-SLAPP statute. They are aimed at the defendant's right to petition and right to freedom of speech. They also lack even minimal merit.

-5-

Trial Tr. 155:12-16, November 9, 2012.[5]

On October 10, 2007, Rose filed a motion in the State Court for an award of post-judgment attorney's fees of $6,180 and costs of $243.68. The State Court heard the motion for post-judgment attorney's fees on June 20, 2008, and, although Healy had not submitted any opposition to the motion, the State Court permitted him to argue against the merits of Rose's motion. The State Court then awarded additional fees of $11,400 in attorney's fees and $782.10 in costs (the "Third Fee Award").

**The Second Bankruptcy and the Adversary Proceeding**

Healy filed another chapter 7 petition on July 9, 2010. On September 27, 2010, Rose filed an adversary complaint in the bankruptcy court seeking an exception to discharge under § 523(a)(6) for the Second and Third Fee Awards. The complaint alleged that Healy had willfully and maliciously injured her through his frivolous and vexatious litigation tactics. Rose asked that the balance due on the Second and Third Fee Awards, $24,921 plus interest, be excepted from discharge.

A four-day trial in the adversary proceeding was held in November 2012. Five witnesses testified: Healy (over three days), Peter G. Mancuso (the former attorney for Healy), Bauer (Rose's former counsel), and Douglas Whatley and Stehle Lanphier (attorney

---

[5] Rose attempted to collect the Second Fee Award. On December 5, 2007, Healy was apparently scheduled to appear at an examination. On the evening of December 4, Healy sent a fax to Rose's attorney stating that the Second Fee Award was "paid and stayed." Healy included a copy of a receipt from the sheriff for $13,087. Rose therefore cancelled the examination. However, Rose's check to the sheriff was returned for insufficient funds because, as the bankruptcy court would later find, there was less than $600 in Healy's account on the date the check was written.

colleagues of Healy).[6] At the close of evidence, the bankruptcy court took the issues under submission.

The bankruptcy court entered detailed findings of fact and conclusions of law on March 29, 2013, siding with Rose and against Healy on all material issues. The court's findings included the following:

> Healy is an attorney with significant litigation experience. It is difficult to believe, and the court does not believe, that he did not understand that statements made by witnesses and parties in the context of litigation are privileged. See Cal. Civ. Code § 47(b).
>
> There is no credible evidence that Healy consulted other attorneys or did research into the viability of the action against Rose.
>
> The [State Court] complaint filed by Healy against Rose is completely out of proportion to the amount in controversy, $1,125. It consists of 156 paragraphs, demands not only the $1,125 but unspecified special damages and punitive damages (which demand was later quantified by Healy at $1 million), and includes numerous allegations unrelated to the payment of the arbitration fee.
>
> The filing and prosecution of a suit against Rose in state court for perjury was done to annoy and harass Rose, with Healy's knowledge that the suit lacked merit. In so doing, Healy acted deliberately, intentionally, and for purpose of injuring Rose. His conduct resulted in a willful injury to Rose.
>
> Here, Healy filed and prosecuted a suit against Rose even though he likely knew it lacked merit for the purpose of harassing Rose. There was no just cause or excuse for this conduct, particularly considering the fact that Healy was an attorney, and his conduct necessarily caused injury to Rose.

The bankruptcy court entered a judgment on April 9, 2013, excepting Healy's debt to Rose under § 523(a)(6) from discharge

---

[6] Rose did not testify. The bankruptcy court authorized Healy to take her deposition and he did so. However, Healy did not offer it into evidence at trial.

-7-

for the unpaid balance plus interest of the Second and Third Fee Awards. Healy filed a timely appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred in determining that Healy's debt to Rose was excepted from discharge under § 523(a)(6).

## IV. STANDARD OF REVIEW

We review de novo whether a particular debt is excepted from discharge under § 523(a)(6). Maaskant v. Peck (In re Peck), 295 B.R. 353, 360 (9th Cir. BAP 2003). The bankruptcy court's findings of fact are reviewed for clear error. Oney v. Weinberg (In re Weinberg), 410 B.R. 19, 28 (9th Cir. BAP 2009).

## V. DISCUSSION[7]

In his brief, Healy characterizes his dispute with Rose as "a

---

[7] As a preliminary matter, we address Healy's motion filed with this Panel on August 21, 2014, seeking a writ of mandamus or other order voiding the state court's Second and Third Fee Awards and dismissing the adversary proceeding. In it, Healy argues that the Second and Third Fee Orders were void as a matter of law based upon "new evidence" that the State Court judge who entered them should have been disqualified. We decline to grant Healy any relief on this motion.

By his motion, Healy is asking us to consider alleged "new evidence" on appeal that was not submitted to the bankruptcy court. This would be inappropriate. Miles v. Ryan, 691 F.3d 1127, 1142 (9th Cir. 2012) (noting that "We do not consider new evidence produced on appeal."); see also United States v. Waters, 627 F.3d 345, 355 n.3 (9th Cir. 2010) ("Facts not presented to the district court are not part of the record on appeal."). Further, Healy did not raise this issue in either his opening or reply brief. "We do not consider matters not specifically and distinctly raised and argued in the opening brief[.]" Padgett v. Wright, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Healy's motion is therefore **DENIED**.

-8-

convoluted and unintelligible Symphony[.]" Healy Op. Br. at 6. We disagree. This is an appeal from a judgment wherein the bankruptcy court determined that, as the result of Healy's malicious prosecution of the State Court action against Rose, his obligation to pay her the litigation costs the State Court awarded to Rose is excepted from discharge under § 523(a)(6). Healy commenced and prosecuted a lawsuit against Rose alleging that she committed perjury during the arbitration; the bankruptcy court determined that Healy knew, or should have known, that statements made by Rose in the course of the arbitration were absolutely privileged under California law; but despite this, in suing Rose, Healy acted deliberately, intentionally, and for the purpose of injuring Rose. As explained below, the bankruptcy court's analysis was precisely on target.

**A.  The bankruptcy court did not err in determining that Healy's challenges to the Second and Third Fee Awards lacked merit.**

The bankruptcy court found, as a matter of fact, that, "when Healy filed the state court action accusing Rose of perjury, he did so knowing it lacked legal merit and in order to harass his former client." The court supported its ruling with the following factual findings:

- Healy made no attempt to modify the arbitration award.

- Healy never addressed the merits of Rose's motion to dismiss his lawsuit during the years the actions were pending in the trial and appellate courts.

- Although Healy claimed to have consulted other attorneys about the legal viability of his action against Rose, they amounted to no more than "casual conversations with office-mates

-9-

and friends" and "none gave him legal opinions sanctioning the suit."

- Healy produced no memoranda or notes concerning his own legal research. Although he testified that he read a law review article and did research on an "extrinsic fraud" theory, "he presented no specific, on-point authority."

We find that each of these findings is supported in the record by competent evidence. Based upon these findings, the bankruptcy court determined that, when he filed and thereafter prosecuted his suit against Rose, it had no merit and that Healy knew, or should have known, that was so. Nevertheless, in the bankruptcy court and this appeal, Healy has maintained that California's statutory "litigation privilege" is not absolute. Because of this, Healy contends, his suit against Rose was commenced and pursued in good faith. We disagree.

Our review of the California case law concerning the litigation privilege shows Healy's continuing position is meritless, something the bankruptcy court found Healy understood when he sued Rose, and thereafter pursued his action against her. California's litigation privilege is codified in Cal. Civ. Code § 47(b), quoted above. As described by the California Supreme Court, the protections embodied in Cal. Civ. Code § 47(b) amount to "an 'absolute' privilege, and [the statute] bars all tort causes of action except a claim of malicious prosecution." Hagberg v. Cal. Fed. Bank, 81 P.3d 244, 254 (Cal. 2004). The purpose of Cal. Civ. Code § 47(b) is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."

Silberg v. Anderson, 786 P.2d 365, 373 (Cal. 1990). In particular, this absolute litigation privilege bars any later claims for relief or causes of action for a party's alleged perjury. Flatley v. Mauro, 139 P.2d 2, 16 (Cal. 2006); Doctors' Co. Ins. Servs. v. Super. Ct., 225 Cal. App. 3d 1284, 1300 (1990) (the litigation privilege applies to subornation of perjury because "it is in the nature of a statutory privilege that it must deny a civil recovery for immediate wrongs — sometimes even serious and troubling ones — in order to accomplish what the Legislature perceives as a greater good"); Carden v. Getzoff, 190 Cal. App. 3d 907, 915 (1987). In addition, as is precisely the case in this appeal, "statements made in the course of a private, contractual arbitration proceeding are protected by the litigation privilege." Moore v. Conliffe, 871 P.2d 204, 207 (Cal. 1994).

The bankruptcy court did not err when it decided that there was no legal basis for Healy's State Court complaint against Rose.

**B.    Healy knew or should have known that his complaint against Rose lacked merit.**

In the course of Healy's testimony over three days of trial in the bankruptcy court, and in his briefs in this appeal, he has steadfastly argued that Cal. Civ. Code § 47(b) should not apply to Rose's statements in the arbitration proceeding. Healy insists that he has a good faith basis in the law to sue Rose. In response, the bankruptcy court repeatedly demanded that Healy provide some legal authority for that contention; Healy was unable to cite to any. Reacting to this, the bankruptcy court found that:

-11-

Healy is an attorney with significant litigation experience. It is difficult to believe, and the court does not believe, that he did not understand that statements made by witnesses and parties in the context of litigation are privileged. See Cal. Civ. Code § 47(b).

In this concise finding, the bankruptcy court determined that, as a matter of fact, Healy, an experienced California litigator, understood that Rose's statements in the arbitration proceedings were absolutely privileged.

We must give substantial deference to the bankruptcy court's findings because they were based in part on credibility determinations concerning witness testimony. <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 573 (1985); <u>Rosenbaum v. City & Cnty. of San Francisco</u>, 484 F.3d 1142, 1163 (9th Cir. 2007) (the "trial court's credibility findings are subject to clear error and deserve special deference"). Because the record amply supports them, the bankruptcy court did not clearly err in its fact findings.

**C. The bankruptcy court did not err in excepting the Second and Third Fee Awards from discharge under § 523(a)(6).**

Because the gravamen of Healy's complaint in State Court was that Rose had committed perjury in the arbitration proceeding, and because Rose's statement was absolutely privileged under Cal. Civ. Code § 47(b), the State Court awarded damages to Rose under Cal. Code Civ. Proc. § 425.16, which provides, in relevant part:

§ 425.16(a) The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public

-12-

significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

(b) (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike . . . .

(c) (1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs . . . .

(e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law[.]

The State Court determined that Rose made her statements in the arbitration proceeding in furtherance of her rights of free speech under the U.S. and California Constitutions; that they were statements made in a judicial proceeding; and that Healy had not effectively opposed the anti-SLAPP motion. Under the plain language of the California statute, Rose could invoke the anti-SLAPP statute, and as the prevailing party in the State Court action, under Cal. Civ. Code § 425.16(c), Rose could recover her attorney's fees and costs incurred in defending against Healy's baseless claims.

The bankruptcy court did not err in excepting the Second and Third Fee Awards from discharge. Section 523(a)(6) excepts from discharge debts arising from a debtor's "willful and malicious" injury to another person or to the property of another. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir.

-13-

2008).  The "willful" and "malicious" are conjunctive requirements, subject to separate analysis.  Id.; Carrillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (9th Cir. 2002).

Section "523(a)(6) renders a debt nondischargeable when there is either a subjective intent to harm, or a subjective belief that harm is substantially certain."  Id. at 1144; see also Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1208 (9th Cir. 2001).  The injury must be deliberate or intentional, "not merely a deliberate or intentional act that leads to injury."  Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998); see also In re Barboza, 545 F.3d at 706 ("A willful injury is a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury.")

An injury is "malicious," as that term is used in § 523(a)(6), when it is: "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."  Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005).  It is the wrongful act that must be committed intentionally, rather than the injury itself.  See Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) ("This four-part definition does not require a showing of . . . . an intent to injure, but rather it requires only an intentional act which causes injury.").[8]

The bankruptcy court correctly applied the Code and case law

_____

[8]  Healy criticizes the bankruptcy court's reliance upon Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir. 1997) for the four-part malicious test because that decision was published before the Supreme Court's decision in Geiger.  However, Geiger analyzed the willfulness prong of § 523(a)(6), not the maliciousness prong.  As indicated in In re Sicroff, the four-part test for maliciousness discussed in Bammer remains good law, and the bankruptcy court did not err in applying that test.

-14-

in determining that the debt based upon the Second and Third Fee Awards was excepted from discharge under § 523(a)(6). After listening to the witness testimony, and considering the other evidence, the bankruptcy court found, as a matter of fact based in part on its credibility determinations concerning Healy, that he knew that the litigation privilege protected Rose's statements in the arbitration, and that he thus knew that his lawsuit against Rose lacked any merit. Healy's protests that he could proceed in the face of the settled legal authorities on this issue, because the law should be subject to good faith challenge, lacks any substance here because he admitted that he had not researched that legal issue, nor had he obtained any formal advice of counsel concerning the viability of his claim. The bankruptcy court could therefore conclude that Healy filed and prosecuted the "suit against Rose to annoy and harass Rose, with Healy's knowledge that the suit lacked merit." The bankruptcy court's findings of fact were not clearly erroneous. We therefore conclude that the court did not err in finding the willfulness prong of § 523(a)(6) satisfied.

As to the maliciousness prong, the bankruptcy court concluded that Healy's suit against Rose was an unlawful act, because his claims against her were barred by the California litigation privilege. Healy obviously prosecuted the action against Rose intentionally, and his conduct necessarily caused financial injury to Rose, requiring her to retain counsel to appear and defend against Healy's baseless claim, as evidenced by the Second and Third Fee Awards. And the bankruptcy court found that, as a lawyer, Healy could offer no justification or excuse for his

conduct in prosecuting the meritless litigation against Rose. The bankruptcy court properly found that the § 523(a)(6) maliciousness prong was also satisfied.[9]

## VI. CONCLUSION

The bankruptcy court's findings of fact were not clearly erroneous. Upon de novo review, based upon those findings, we conclude that the bankruptcy court did not err in determining that Healy's debt to Rose is excepted from discharge under § 523(a)(6). We AFFIRM the judgment of the bankruptcy court.

---

[9] Healy's other arguments in this appeal all lack merit; we decline to discuss them.

-16-