NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re: KIRK BROWN, | No. 23-60035 |
| Debtor, | BAP No. 22-1244 |
| ------------------------------ | |
| KIRK BROWN, | MEMORANDUM* |
| Appellant, | |
| v. | |
| ROXANA K. CHAMOUILLE, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted May 8, 2024**
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Defendant-Debtor Kirk Brown appeals the Bankruptcy Appellate Panel's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(BAP) decision affirming the bankruptcy court's grant of summary judgment, concluding that the debt Brown owes to Plaintiff-Appellee Roxana Chamouille is nondischargeable under 11 U.S.C. § 523(a)(6). The debt arose after Brown refused to vacate the residential property (Property) that his deceased wife left to Chamouille. Brown also challenges the bankruptcy court's calculation of the debt amount. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

"We review BAP decisions *de novo*, applying 'the same standard of review that the BAP applied to the bankruptcy court's ruling.'" *Licup v. Jefferson Ave. Temecula LLC* (*In re Licup*), 95 F.4th 1234, 1237 (9th Cir. 2024) (quoting *Albert v. Golden* (*In re Albert*), 998 F.3d 1088, 1091 (9th Cir. 2021)). "In adversary proceedings before the bankruptcy court, the familiar summary judgment standard established in Federal Rule of Civil Procedure 56 applies." *Barboza v. New Form, Inc.* (*In re Barboza*), 545 F.3d 702, 707 (9th Cir. 2008).

1.  ***Nondischargeability.*** An individual debtor may not discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). To satisfy this standard, the debtor's conduct must have been "tortious," and the injury must have been "willful," *and* "malicious." *Lockerby v. Sierra*, 535 F.3d 1038, 1040–41 (9th Cir. 2008). "Whether a claim is nondischargeable presents mixed issues of law and fact and is reviewed de novo." *In re Licup*, 95 F.4th at 1237 (quoting *Lockerby*, 535 F.3d at 1040).

2

i.    ***Tortious conduct.*** Whether conduct is tortious is defined by state law. *Lockerby*, 535 F.3d at 1041. The bankruptcy court did not err by concluding that Brown committed the tort of trespass under California law.[1] Chamouille legally owned the Property upon her sister's death. *See* Cal. Prob. Code § 7000 ("[T]itle to a decedent's property passes on the decedent's death to the person to whom it is devised in the decedent's last will . . .). Brown's right of legal possession ended on October 28, 2019, when his temporary license expired under California Probate Code § 6500. Thus, Brown unlawfully trespassed and intentionally "entered" the Property when he refused to leave and "abuse[d] the privilege" of the temporary license afforded to him by statute. *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1780 (1993) ("Where one has permission to use land for a particular purpose and proceeds to abuse the privilege, or commits any act hostile to the interests of the lessor, he becomes a trespasser."); *see also Martin Marietta Corp. v. Ins. Co. of N. Am.*, 40 Cal. App. 4th 1113, 1132 (1995) ("Trespass may be by personal intrusion of the wrongdoer or by his failure to leave; by throwing or placing something on the land; or by causing the entry of some other person . . . ." (internal quotation marks

---

[1]Under California law, "the elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Golden Gate Land Holdings LLC v. Direct Action Everywhere*, 81 Cal App. 5th 82, 90–91 (2022) (quoting *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 225 Cal. App. 5th 245, 262 (2017)).

and citation omitted)).

ii. *Willful injury.* Section "523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Ormsby v. First Am. Title Co. of Nev.* (*In re Ormsby*), 591 F.3d 1199, 1206 (9th Cir. 2010) (quoting *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002)). Brown admitted that he was "required to vacate the [] Property following the expiration of the temporary license under California Probate Code § 6500 on or after October 28, 2019," and that he "had no right to live at the [] Property at any point in time after [that date]." Brown also knew that "injury [was] substantially certain to result" from his refusal to vacate. *In re Ormsby*, 591 F.3d at 1206 (internal citation omitted). Brown admitted that he did not make mortgage payments or pay property taxes from October 28, 2019, until he moved out of the Property almost three years later. It is also undisputed that Brown did not pay rent during this period. By depriving Chamouille of rental income, either from himself or others, it was obvious that Brown's failure to leave the Property would result in injury. *In re Ormsby*, 591 F.3d at 1206 ("The Debtor is charged with the knowledge of the natural consequences of his actions."); *see also In re Su*, 290 F.3d at 1146 n.6 ("In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the

4

injury-producing action.").

iii. ***Malicious injury.*** "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Petralia v. Jercich* (*In re Jercich*), 238 F.3d 1202, 1209 (9th Cir. 2001) (quoting *Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 791 (9th Cir. 1997) (en banc)). Although a separate analysis, *In re Su*, 290 F.3d at 1146, many of these elements overlap with the willful-injury analysis. *In re Barboza*, 545 F.3d at 711 ("[T]here may be some overlap between the test for 'willfulness' and the test for 'malice . . . ")"; *see also Transamerica Com. Fin. Corp. v. Littleton* (*In re Littleton*), 942 F.2d 551, 554 (9th Cir. 1991) (per curiam) ("[M]alice may be inferred from the nature of the wrongful act.").

Brown argues he did not cause malicious injury because he was merely "fighting the case," "believed he had the right to either title, or . . . to possession," and "had an arguable claim to title and possession prior to . . . the final order of eviction." This argument is belied by Brown's admissions and the state court's repeated rulings that he had neither a legal right to possession nor ownership. Brown had no "just cause or excuse" for his trespass. *See In re Bammer*, 131 F.3d at 793 (explaining that a "purely subjective element, i.e., 'compassion,' [does not] constitute 'just cause or excuse'" and rejecting that "subjective intent justifies or excuses behavior that is otherwise wrongful") (internal quotation marks and citation

5

omitted); *see also Jett v. Sicroff* (*In re Sicroff*), 401 F.3d 1101, 1106–07 (B.A.P. 9th Cir. 2005) (holding that where the debtor intentionally defamed another person, the debtor's self-professed goal of protest did not constitute just cause or excuse). Indeed, he was sanctioned by two courts during his unjustified attempt to retain possession of the Property. *Chamouille v. Brown*, No. B321555, 2023 WL 5361571, at *6 (Cal. Ct. App. Aug. 22, 2023) (concluding that "Brown raise[d] no issue that is even arguably correct").

2.     ***Monetary damages.*** Brown argues the bankruptcy court erred by awarding unpaid rent "for the entire period (minus 60 days) that [he] lived at the [Property]" because he "was under no court order to vacate and no ruling had been made concerning the holographic will." This argument is contrary to California law. As of October 28, 2019, Chamouille had both possessory *and* ownership interest in the Property. *See* Cal. Prob. Code § 7000; *see also* 14 Witkin, Summary of Cal. Law (11th ed. 2023) Wills, § 443 ("[T]itle does not come from the decree of distribution, which merely declares the title that came from the will or through the death of the decedent intestate." (citing *Murphy v. Crouse*, 135 Cal. 14, 17 (1901); *U.S. Fidelity & Guaranty Co. v. Mathews*, 207 Cal. 556, 559 (1929); *Reed v. Hayward*, 23 Cal. 2d 336, 342 (1943); Cal. Unif. Prob. Code § 3-101). And Chamouille is entitled to recover unpaid rent for the period during which Brown unlawfully remained in the Property. *See* Cal. Civ. Code §3334 (entitling an owner who is completely deprived

6

of the use of his property by a person wrongfully occupying the property to recover the rental value for the use of the property during the period of wrongful occupation).

Brown does not challenge the bankruptcy court's award of $15,000 for the probate court's sanctions judgment against him or the award of attorney fees incurred by Chamouille in securing possession of the Property.[2] Thus, we do not address these awards. *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 782 n.9 (9th Cir. 2022) ("Normally, arguments not raised in an opening brief are forfeited."); *see also In re Bard IVC Filters Prod. Liab. Litig.*, 81 F.4th 897, 906 n.13 (9th Cir. 2023) (declining to consider a challenge not raised in appellant's opening brief).

**AFFIRMED.**

---

[2]To the extent Brown references attorney fees, he does so only in challenging the bankruptcy court's willful and malicious injury analysis, and nondischargeability generally.