NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  EAST COAST FOODS, INC., | No.    23-60046 |
| Debtor. | BAP No. 23-1034 |
| EAST COAST FOODS, INC., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| DEVELOPMENT SPECIALISTS, INC.; BRADLEY D. SHARP, Chapter 11 Trustee, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Argued and Submitted October 21, 2024
Pasadena, California

Before:  TALLMAN, R. NELSON, and BRESS, Circuit Judges.

East Coast Foods, Inc. ("ECF") appeals the Bankruptcy Appellate Panel's

(BAP) decision affirming the bankruptcy court's denial of ECF's request for leave

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to sue its former Chapter 11 Trustee, Bradley D. Sharp, in a forum other than the bankruptcy court. ECF sought to sue Sharp in California state and federal court based on Sharp's alleged misrepresentations and breaches of fiduciary duty arising from his time as Chapter 11 Trustee in ECF's bankruptcy. "We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error." *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

1. The bankruptcy court correctly determined that it has exclusive jurisdiction over ECF's claims. Under 28 U.S.C. § 1334(e)(2), bankruptcy courts have exclusive jurisdiction "over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327." The referenced provision governs the employment of professionals in bankruptcy and provides that "the trustee, with the court's approval, may employ . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a).

ECF's claims implicate § 327. ECF's state court complaint repeatedly alleged that Sharp "knowingly employed a professional that was not disinterested under 11 U.S.C.A. § 327(a)." Four out of five counts in ECF's state court complaint explicitly refer to § 327(a), and the remaining count is premised on the "specific primary

2

wrong" underlying § 327(a). The bankruptcy court thus had exclusive jurisdiction over ECF's claims under § 1334(e)(2).

2.      Alternatively, the BAP was correct that the *Barton* doctrine barred ECF from suing Sharp in another court. Under the *Barton* doctrine, a bankruptcy trustee may not be sued for acts done in his official capacity in a court other than the one that appointed him without leave of the appointing bankruptcy court, which the bankruptcy court here withheld. *See In re Crown Vantage, Inc.*, 421 F.3d 963, 970–71 (9th Cir. 2005) (citing *Barton v. Barbour*, 104 U.S. 126, 127 (1881)). There is, however, an exception in 28 U.S.C. § 959(a) for suits "with respect to any of [a trustee's] acts or transactions in carrying on business connected" with property of the estate. But this exception applies "only to acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." *Crown Vantage*, 421 F.3d at 971–72 (quotations omitted). "Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate." *Id.* (quotations omitted). That is, acts "taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate." *Id.* (quotations omitted).

ECF's claims do not fall within the § 959(a) exception to the *Barton* doctrine because they concern Sharp's administration of the bankruptcy estate. ECF

challenges Sharp's employment and oversight of restaurant consultant The Next Idea, International, LLC, Sharp's approval of excessive charges, and his alleged failure to make adequate disclosures to the bankruptcy court. These activities are based on applications Sharp filed with the bankruptcy court and go to the heart of his obligations as a trustee administering the estate—including by hiring professionals—which Sharp conducted under the oversight of the bankruptcy court.

3.      Even if our liberal leave-to-amend standards apply here, the bankruptcy court did not err in denying ECF's motion without leave to amend. Dismissal "without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Granting leave to amend would have been futile because no amendment could change the fact that ECF's claims were subject to the bankruptcy court's exclusive jurisdiction under § 1334(e)(2) and the *Barton* doctrine.

4.      We do not reach the issue of whether ECF lacked standing to bring its claims. Based on its written order, the bankruptcy court decided only that it had exclusive jurisdiction over ECF's claims against Sharp and that ECF could not assert those claims elsewhere. Although the BAP found that ECF lacked standing to sue Sharp because the claims belonged to the estate, we do not believe the bankruptcy court ruled on that issue. Our decision thus does not address it.

4

**AFFIRMED.**