**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  NARINDER SANGHA, | No.    15-60057 |
| Debtor, | BAP No. 14-1397 |
| ———————————————— | |
| CHARLES EDWARD SCHRADER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| NARINDER SANGHA, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted February 9, 2017
Pasadena, California

Before:  SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

Creditor-Appellant Charles Schrader appeals the Bankruptcy Appellate

Panel's ("BAP") memorandum disposition vacating the bankruptcy court's order

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that granted summary judgment in favor of Schrader against Debtor-Appellee Narinder Sangha based on issue preclusion.  We have jurisdiction under 28 U.S.C. § 158(d)(1).[1]  We affirm the BAP and remand to the bankruptcy court.[2]

A California state trial court awarded Schrader a default judgment against Sangha.  The default judgment included a punitive damage award.

Thereafter, the bankruptcy court granted summary judgment in favor of Schrader based on issue preclusion.  The bankruptcy court held that Schrader's default judgment was not dischargeable under 11 U.S.C. § 523(a)(6).  The bankruptcy court found that the punitive damage award, standing alone, precluded relitigation of § 523(a)(6)'s "willful and malicious" intent requirements[3] because the punitive damage award was based on a California state trial court's finding of "malice in fact."

---

[1]  We exercise jurisdiction in light of the liberal standard for finality in bankruptcy appeals.  This court can exercise jurisdiction if the issue before the court is legal and if resolving that issue "would aid the bankruptcy court in reaching its disposition on remand," as is the case here.  *Bonner Mall P'ship v. U.S. Bancorp Mortg. Co.*, 2 F.3d 899, 904 (9th Cir. 1993).

[2]  Creditor-Appellant Charles Schrader's motion to strike portions of Debtor-Appellee Narinder Sangha's answering brief is DENIED.

[3]  The "willful" and "malicious" intent requirements are conjunctive and require separate analyses.  *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146 (9th Cir. 2002).  "Willful" intent must be established before "malicious" intent may be concluded.  *See Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420, 434 (9th Cir. BAP 2002).

Between the time of the bankruptcy court's decision and the BAP's review of this bankruptcy appeal, *Plyam v. Precision Development, LLC (In re Plyam)*, 530 B.R. 456 (9th Cir. BAP 2014) was decided, which called into question the bankruptcy court's reasoning. *In re Plyam* held that a California state court punitive damage award, standing alone, does not preclude relitigation of § 523(a)(6)'s "willful" intent requirement. 530 B.R. at 463–65 (holding that "under California law, the general definition of malice in fact encompasses less reprehensible states of mind" than § 523(a)(6)'s "willful" intent requirement).

Applying *In re Plyam* to this bankruptcy appeal, the state court's punitive damage award, standing alone, did not preclude relitigation of § 523(a)(6)'s "willful" intent requirement. In determining whether relitigation of § 523(a)(6)'s "willful" intent requirement is precluded, *In re Plyam* requires that the bankruptcy court review the allegations in Schrader's second amended complaint together with the punitive damage award. *See* 530 B.R. 456 at 465.

We **AFFIRM** the BAP. On **REMAND**, the bankruptcy court shall re-evaluate whether issue preclusion is available in light of *In re Plyam*, 530 B.R. 456, 463–65 (9th Cir. BAP 2014). Accordingly, the bankruptcy court must consider whether the state court default judgment and the allegations in Schrader's second amended complaint preclude relitigation of § 523(a)(6)'s "willful" intent

requirement. If the bankruptcy court determines that the allegations in the second amended complaint together with the punitive damage award preclude relitigation of § 523(a)(6)'s "willful and malicious" intent requirements, then the California state trial court default judgment in favor of Schrader is not dischargeable.

**AFFIRMED and REMANDED to the bankruptcy court.**