NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

NARINDER SANGHA,

Appellant,

v.

CHARLES EDWARD SCHRADER,

Appellee.

No. 24-4548

D.C. No.
5:22-cv-01867-WLH

MEMORANDUM*

---

Appeal from the United States District Court
for the Central District of California
Wesley L. Hsu, District Judge, Presiding

Submitted April 7, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Narinder Sangha appeals the district court's decision affirming the

bankruptcy court's order of nondischargeability under 11 U.S.C. § 523(a)(6). The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

bankruptcy court found Sangha's debt to Charles Edward Schrader, consisting of an approximately $1.3 million California state court default judgment for defamation per se, nondischargeable under § 523(a)(6) because it involved "willful and malicious injury by the debtor to another entity." We previously addressed the dischargeability of this judgment, *Schrader v. Sangha (In re Sangha)*, 678 F. App'x 561 (9th Cir. 2017) (unpublished), and affirmed the Bankruptcy Appellate Panel ("BAP")'s decision to vacate the bankruptcy court's application of issue preclusion. *See id.* at 562. In doing so, we agreed with the BAP that the state court judgment for punitive damages under California Civil Code § 3294 was not alone sufficient to support a finding of "willfulness" under § 523(a)(6). *See id.* We remanded this case to the bankruptcy court to evaluate whether the "willfulness" prong of § 523(a)(6) was satisfied, *see id.*, in light of *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456 (B.A.P. 9th Cir. 2015). We have jurisdiction under 28 U.S.C. §§ 1291, 1292, and 158(d)(1), *see Gugliuzza v. FTC (In re Gugliuzza)*, 852 F.3d 884, 889 (9th Cir. 2017), and we affirm.

We review the bankruptcy court's order by "applying the same standards applied by the district court, without deference to the district court." *Hughes v. Tower Park Props., LLC (In re Tower Park Props., LLC)*, 803 F.3d 450, 456 n.5 (9th Cir. 2015) (quoting *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012)). "The bankruptcy

2

court's conclusions of law are reviewed de novo, and its findings of fact are reviewed for clear error." *Id*. (quoting *In re Thorpe Insulation Co.*, 677 F.3d at 879). The availability of issue preclusion is also reviewed de novo on appeal. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). If we determine that issue preclusion is available, we review its application for abuse of discretion. *See id.* An abuse of discretion consists of "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found." *Nat. Wildlife Fed. v. Nat. Marine Fisheries Serv.*, 422 F.3d 782, 798 (9th Cir. 2005) (quoting *Wing v. Asarco, Inc.*, 114 F.3d 986, 988 (9th Cir. 1997)) (internal quotation marks and citation omitted).

1. The bankruptcy court did not err by deciding "malicious" intent before "willful" intent on remand. A court must analyze the requirements of "malicious" intent and "willful" intent separately. *See Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir. 2002). If both requirements have been met, a debt is excepted from discharge. *See Ormsby v. First Am. Title Co. of Nev. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010) (stating that both requirements "must be proven to block discharge under section 523(a)(6)").

As we directed, *In re Sangha*, 678 F. App'x at 562, the bankruptcy court properly considered "willfulness" and "maliciousness" separately. Sangha's reliance on *Thiara v. Spycher Bros. (In re Thiara)*, 285 B.R. 420 (B.A.P 9th Cir.

3

2002), is unavailing. In that case, the BAP held that "the bankruptcy court did not make the required finding regarding the intentional and 'willful' nature of the [act], and therefore, any inference of malice was premature." *In re Thiara*, 285 B.R. at 434. In accordance with our remand, the bankruptcy court considered de novo the issue of "willfulness," permitting discovery and conducting a trial on that issue. *See In re Su*, 290 F.3d at 1146–47; *In re Plyam*, 530 B.R. at 463, 470 (stating that creditor could seek issue preclusion separately as to "maliciousness" requirement and bankruptcy court on remand "need only try the singular issue of the debtor's intent for the purposes of § 523(a)(6) willfulness").

2. The bankruptcy court did not abuse its discretion by applying issue preclusion as to "maliciousness" under § 523(a)(6). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). California courts also conduct a "mandatory" inquiry into whether the application of issue preclusion furthers the public policies underlying the doctrine. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824 (B.A.P. 9th Cir. 2006). These public policy considerations are "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Lucido v. Superior Court*, 795

4

P.2d 1223, 1227 (Cal. 1990). The bankruptcy court's "decision to apply issue preclusion ultimately is a matter of discretion, which turns on whether its application is consistent with these policies." *Zuckerman v. Crigler (In re Zuckerman)*, 613 B.R. 707, 718 (B.A.P. 9th Cir. 2020) (internal quotation marks and citation omitted).

The bankruptcy court did not abuse its discretion by finding that these factors weighed in favor of applying issue preclusion to the "malicious" intent requirement of § 523(a)(6). It soundly explained why relitigation of issues resolved by the state court would undermine judicial integrity and require additional resources. The bankruptcy court also found that Sangha had a "full and fair opportunity to litigate the issue in state court proceedings." Because the bankruptcy court's conclusion was not "illogical, implausible or without support in the record," *Gill v. Kirresh (In re Gill)*, 574 B.R. 709, 714 (B.A.P. 9th Cir. 2017) (quoting *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010)) (internal quotation marks and citation omitted), it did not abuse its discretion by applying issue preclusion to the "malicious" intent requirement of § 523(a)(6).

**AFFIRMED.**[1]

---

[1] Pending before the court are five (5) motions filed by Schrader: a motion to strike, Dkt. Entry No. 17, and four (4) motions for judicial notice, Dkt. Entry Nos. 8–10, 13. We deny the motion to strike because Schrader's arguments lack merit and are inapplicable to the current issues on appeal. We also deny the four

motions for judicial notice, but we note that the consideration of these additional materials would not change the outcome of this case.